IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GODDARD SYSTEMS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.  07-5372 |
| BRIAN TYSON, et al | : | |

**MEMORANDUM AND ORDER**

JACOB P. HART                                                                                               July 8, 2009
UNITED STATES MAGISTRATE JUDGE

      Now pending before this Court is Plaintiff's Motion for Contempt.  After several conference calls with counsel and consideration of the written submissions of the parties, for the reasons set forth below, plaintiff's motion will be granted.

      Factual and Procedural Background

      This matter was settled and a Consent Judgment, which was signed by the Court, was filed on May 6, 2008.  Pursuant to the terms of the agreement, Defendants were to sell the Jumpstart Academy to a third party within three months.  The Agreement provided that Defendants could seek extensions of time to close the sale, to which Plaintiff would not object if Defendants were acting diligently.  Pursuant to the Consent Judgment Defendants were also to pay Plaintiff $50,000 as compensation for legal fees and expenses incurred in bringing the action.  The amount was to be paid within five business days upon the closing of the sale, or in the event there was no sale, then at the end of the sale period.  (Consent Judgment at par. 5).  Also,

pursuant to the terms of the consent judgment and the order dismissing the action pursuant to Local Rule 41.1(b), the Court was to retain jurisdiction to resolve all disputes arising out of the judgment and for enforcement. (Consent Judgment at par. 10).

On August 4, 2008, Defendants filed a Motion for Extension of Time Period for the Sale of Jumpstart Academy, which this Court granted on August 12, 2008. Defendants filed a Second Motion to Permit Further Extension of the Sale on November 6, 2008. Once again, Plaintiff did not object and the Court granted the motion on November 24, 2008.

On March 6, 2009, Plaintiff filed the pending Motion for Contempt asserting that Defendants failed to pay the $50,000. Defendants did not file a Response until March 25, 2009. The only response filed was a Certification of Defendant Brian Tyson, in which he admitted that the $50,000 remained due and owing, but asserted that since he sold Jumpstart Academy for a lower price than anticipated and had additional responsibilities related to the Sicklerville Goddard School, he was left "with no liquid financial resources with which to satisfy the indebtedness to Goddard." The Certification contained a plea that the Court not impose additional sanctions, which would make it more difficult to resolve these financial circumstances.

This Court then conducted three telephone conferences with the parties in an attempt to resolve this situation. Defendants did not dispute that they owed the money. During the first two conferences, the sole issue raised by Defendants' counsel was strictly Mr. Tyson's alleged inability to pay the $50,000. Defendants' counsel also agreed that Plaintiff was entitled to financial documentation. After the second conference, since sufficient documents had still not been provided, the Court issued an Order directing Defendant to provide financial documentation to Plaintiff. After receipt of the financial documents, Plaintiff represented that their review of the

documents demonstrated that Mr. Tyson had ample assets including vacation homes, and a substantial salary and that he had not made any attempts to liquidate his assets. It was not until the third and final telephone conference that Defendants for the first time argued that contempt was not appropriate in this case. Following that conference call, Defendant submitted a letter brief as permitted by the Court, arguing that Plaintiff should have instead moved to execute on the judgment. Plaintiff has now replied.

Discussion

In the letter brief filed on June 18, 2009, Defendants argue that contempt is inappropriate because Plaintiff should have proceeded by way of writ of execution. Defendants rely upon Fed. R. Civ. P. 69(a), which provides that the ordinary process for enforcing an unpaid judgment is to proceed by way of writ of execution. Rule 69(a) provides that "[a] money judgment is enforced by a writ of execution, *unless the court directs otherwise...*" Fed. R. Civ. P. 69(a) (emphasis added). While we agree that the ordinary procedure is to proceed by writ of execution, we find that contempt is appropriate in this case.

"It is well established that a consent decree, although negotiated by the parties, is a judicial act." Delaware Valley Citizens' Council for Clean Air v. Com. of Pa., 533 F.Supp. 869, 880 (E.D. Pa. 1982) (citing United States v. Swift & Co., 286 U.S. 106, 115, 52 S. Ct. 460, 462 (1932)). The Third Circuit has held that a consent decree is a judicial act which is enforceable via the court's contempt power pursuant to 18 U.S.C. s 401 (1976). Interdynamics, Inc. v. Wolf, 653 F.2d 93, 96-97 (3rd Cir. 1981). In order to hold defendant in civil contempt, plaintiff must establish three elements by clear and convincing evidence: (a) that a valid court order existed; (b) that the defendant had knowledge of the order; and (c) that the defendant disobeyed the order.

3

See Roe v. Operation Rescue, 919 F.2d 857, 868, 871 (3d Cir.1990). "Where a contempt of court consists of the refusal to pay a sum of money, specificity and definiteness require at a minimum that a court order subsist which requires that the contemnor perform the act of payment of a specific sum." Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113 (3d Cir. 1970).

The obligation to pay the $50,000 in this case arises from a Consent Judgment. The parties here specifically agreed in the Consent Judgment that this Court would retain jurisdiction for enforcement. The Consent Judgment provides that "[a]ny dispute arising out of or related to this Judgment shall be heard and resolved by the United States District Court for the Eastern District of Pennsylvania, and the Court hereby retains jurisdiction over this matter for purposes of enforcing this Judgment." (Consent Order at par. 10). The terms of the agreement, including the Court retaining jurisdiction for enforcement and Defendant's obligation to pay the $50,000 were clear, were agreed to by the parties, and ordered by the court, making contempt appropriate in this case.

Furthermore, Defendant's only response to the Motion for Contempt was a claim that he was unable to pay. As Plaintiff has stated, even the certification filed in response to the motion, asserting that he did not receive the money from the sale, was untimely. In Defendants' letter brief, they still assert that "Plaintiff has not demonstrated to the Court that Defendants received the $50,000 as a result of the sale of the Jumpstart business (which was the focus of this lawsuit), yet failed to pay it over to Plaintiff". We must note, however, that Defendants' obligation to pay Plaintiffs $50,000 was not contingent upon receipt of $50,000 from the sale. This is clear from the Consent Agreement, which specifically provides that the sum was to be paid to cover some of the cost of counsel fees expended for the litigation. The Agreement further provides for the

4

payment even if the sale did not go forward at all.  The fact that the money was not received from the sale of Jumpstart Academy is therefore entirely irrelevant.

The Defendant's financial status is relevant only in regard to whether he has exercised good faith in attempting to comply with the Consent Judgment.  "It is well-settled that impossibility of performance is a valid defense to a motion for contempt and that a party cannot be held in contempt for failure to obey a sanctions order if he lacks financial ability to comply with that order." Loftus v. Southeastern Pennsylvania Transp. Authority, 8 F. Supp. 2d 464, 468 (E.D. Pa. 1998) (citing United States v. Rylander, 460 U.S. 752, 757, 103 S. Ct. 1548 (1983); Tinsley v. Mitchell, 804 F.2d 1254, 1256 (D.C. Cir.1986) (per curiam); O'Leary v. Moyer's Landfill, Inc., 536 F. Supp. 218, 219 (E.D. Pa. 1982)).  However, as Plaintiff asserts, the burden of proving that all reasonable steps have been taken to comply with the judgment so as to avoid contempt, lies with the Defendant.  See Harris v. City of Philadelphia, 47 F.3d 1311, 1324 (3d Cir. 1995).  "A plea of poverty without adequate proof will not do it. Furthermore, unless a party is completely unable to comply with the Court's Order's due to poverty, he must comply to the extent that his finances allow him." Loftus v. Southeastern Pennsylvania Transp. Authority, 8 F. Supp. 2d at 469.

Defendant has not provided any evidence which would demonstrate that he is unable to pay.  Throughout the ongoing conferences pertaining to this motion, he has not even claimed that he is actually unable to pay the judgment, only that he did not have liquid assets available to do so.  Plaintiffs were willing to consider the Defendants' inability to pay and the reason this motion remained pending for so long was to allow Defendant Tyson the opportunity to provide financial documentation.  However, Plaintiffs assert that the documentation provided to them evidenced

the contrary and Defendants have not disputed this.  After three telephone conferences, Defendants now simply argue that contempt is inappropriate and they did not receive the money from the sale.  We reject these arguments and find Defendants in contempt.

The amount sought by Plaintiff in this case is the amount they expended in bringing and litigating this motion.  We therefore find that the contempt is a result of Defendants' continued failure to obey the order and the amount, which will be determined by the court after assessing the certification to be submitted by Plaintiff, will be linked to Plaintiff's actual losses caused by the Defendants' failure to pay.  See McDonald's Corp. v. Victory Investments, 727 F.2d 82, 87 (3d Cir. 1984) (civil contempt is employed to coerce defendant into compliance with court's order and to compensate for actual losses sustained by disobedience).

For these reasons, I enter the following: